IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH DOUGLAS CORBIN,<br>         Plaintiff,<br><br> vs.<br><br>SUPERINTENDENT R.D. SHANNON;<br>DR. JEFFREY A. BEARD;<br>COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS; SGT. STOOTLER;<br>C.O. TROUTMAN; C/O REIGHTNER;<br>C/O ALBERT; LT. BROWN; MEDICAL<br>RECORD DEPARTMENT OFFICIALS<br>SCI FRACKVILLE; C/O RENO;<br>individually and in their Official Capacities,<br>         Defendants. | Civil Action No. 06-1608<br>Judge Terrence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the amended complaint in the above-captioned case [Doc.17] be dismissed for failure to prosecute.

II. Report

The plaintiff, Kenneth Douglas Corbin, has presented a civil rights complaint alleging that he was assaulted by various correctional officers while housed at the State Correctional Institution at Frackville ("SCIF"), that he was subsequently denied medical care, received a misconduct report and was prevented from filing a grievance.

On September 20, 2007, this Court issued an order directing the United States Marshal to make service of the amended complaint as directed by plaintiff [Doc. 22]. The copy

of the order that was sent to plaintiff was returned from SCIF indicating that plaintiff had been paroled on September 13, 2007. Accordingly, on October 17, 2007, the Court issued an order to show cause why the case should not be dismissed for failure to advise the Court of his most recent address, which was returnable on November 7, 2007 [Doc. 24]. The copy of that order sent to plaintiff was also returned indicating that plaintiff had been paroled. To date, plaintiff has still not notified the Court of his current address or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to notify the Court of his current address so that he could receive and comply with the orders issued by the Court which weigh

heavily against him. Plaintiff's failure to notify the Court of his change of address so that the Court could communicate with him and his consequent failure to provide the Marshal with the necessary service information and failure to respond to the Court's show cause order was not only solely his personal responsibility but his failure to do so even seven weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice as the defendants have not yet been served with the Amended Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to notify the Court of his change of address thereby preventing his case from going forward, as evidenced by the fact that the last two orders issued by the Court have been returned and he has failed to provide the Marshal's Office with the information necessary to make proper service, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        / s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated: November 7, 2007

cc:      Kenneth Douglas Corbin
          FY-1303
          SCI Frackville
          1111 Altamont Boulevard
          Frackville, PA 17931